FILED
 2005 Nov-29 AM 10:52
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARGARET HEADLEY, | } |
| Plaintiff, | } |
| v. | } CASE NO. 2:05-cv-1820-SLB |
| CHRIS CURRY, et al., | } |
| Defendants. | } |

### MEMORANDUM OPINION AND ORDER

This case came before the court on November 9, 2005, on the motions to dismiss of Shelby County Sheriff Chris Curry and Shelby County Deputy Sheriffs Christopher George, Ronnie Brown, Shelby O'Connor and James Smith. This action arises out of an incident in which the deputy sheriff defendants allegedly used excessive force during the course of an arrest of the plaintiff's decedent. The claims against Sheriff Curry allege that he failed to properly train his deputies concerning the use of force, that he hired the deputy sheriff defendants without sufficient investigation into their backgrounds and that he failed to train sheriff's deputies under his supervision in recognizing medical emergencies.

Plaintiff alleged claims under 42 U.S.C. § 1983 against all defendants and state law tort claims against the deputy sheriff defendants. The defendants have asserted

the defense of qualified immunity as to the plaintiff's § 1983 claims and absolute immunity under Article I, § 14, of the Alabama Constitution of 1901 as to the state law tort claims. The court finds that the motions to dismiss are due to be granted.

In both the Eleventh Circuit and under Alabama law Sheriff Curry and his deputies have absolute immunity from the plaintiff's state law tort claims. See Tinney v. Shores, 77 F.3d 378, 383 (11th Cir. 1996) (holding that, "[u]nder Alabama law, both sheriffs and deputy sheriffs are considered executive officers of the state, immune from suit under [Article I,] Section 14"). See also McMillian v. Johnson, 88 F.3d 1554 (11th Cir. 1996), cert. denied, 521 U.S. 1121 (1997) (absolute immunity applies to state law tort claims alleging malicious and intentional wrongdoing by Alabama sheriffs).

The Complaint further fails to satisfy this Circuit's heightened pleading standard applicable to claims alleged under 42 U.S.C. § 1983 where the defense of qualified immunity has been asserted by a defendant. See GJR Investments v. County of Escambia, 132 F.3d 1359, 1367-68 (11th Cir. 1998). No facts are alleged in the complaint as to the occurrences of any prior instances of constitutional violations that would have placed Sheriff Curry on notice that his policies were constitutionally deficient. See Gold v. City of Miami, 151 F.3d 1346, 1352 (11th Cir. 1998). The complaint further fails to differentiate among any of the deputy sheriff defendants as

to their conduct on the occasion at issue in this case and lumps all of the deputy sheriff defendants into one conclusory allegation of the same conduct. Such allegations fail to comply with the heightened pleading standard applicable to § 1983 claims.

Accordingly, the motions to dismiss of Sheriff Curry and Deputies George, Brown, O'Connor and Smith are hereby **GRANTED** and the plaintiff's Complaint in this case is **DISMISSED**. If plaintiff Headley desires to pursue her claims in this action, she is hereby granted leave to file, on or before **December 5, 2005**, an Amended Complaint which alleges her claims with the factual detail and specificity sufficient to satisfy this Circuit's heightened pleading standard applicable to claims alleged under 42 U.S.C. § 1983.

DONE this 29th day of November, 2005.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE