UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARGARET HEADLEY, as Personal Representative of the Estate of Paul Pool, deceased, </br></br> Plaintiff, </br></br> v. </br></br> CHRIS GEORGE; R. BROWN; and JAMES SMITH, </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br> CASE NO. CV 05-B-1820-S |

## MEMORANDUM OPINION

This matter is before the court on defendant's Motion for Summary Judgment, filed April 4, 2006. (Doc. 24.) Plaintiff alleges in her complaint that she is the personal representative of the Estate of Paul Pool, deceased. Plaintiff's claims arise out of the arrest of Paul Pool by Shelby County Sheriff's deputies on November 19, 2003. Plaintiff alleges claims for wrongful death under 42 U.S.C. § 1983 against Shelby County Sheriff's Deputies Christopher George and Ronnie Brown and former Deputy James Smith. The claims against George, Brown and Smith arise out of a contention by plaintiff that those deputies utilized excessive force in effecting what plaintiff concedes to be a lawful arrest of Paul Pool. Upon consideration of the record and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgment is due to be granted, and plaintiff's claims are to be dismissed with prejudice.

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law.

Applying these standards to this case, the court concludes that defendant, the moving party, has demonstrated that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. The plaintiff's decedent's treating physician, Dr. Gary Howard, has offered evidence by way of a sworn Affidavit. Dr. Howard testified that he "cannot say, to any reasonable degree of medical certainty, or to any degree of certainty,

2

for that matter, whether or not any injuries received by Mr. Pool on November 19, 2003, were the proximate cause of Mr. Pool's death on December 7, 2003." Based on Dr. Howard's testimony, defendant moves for summary judgment contending that there is no proof of an affirmative causal connection between the defendants' alleged acts and the alleged constitutional deprivation resulting in Mr. Pool's death. Plaintiff has not come forward with *any* evidence in response to this showing. Thus, plaintiff has failed to meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, and the record demonstrates that summary judgment in favor of defendant is warranted. Furthermore, the court has been informed by plaintiff's counsel that plaintiff does not oppose the granting of defendant's Motion for Summary Judgment and the dismissal of her claims.[1]

Therefore, defendant's Motion for Summary Judgment, (doc. 24), is due to be granted. An Order granting defendant's Motion for Summary Judgment will be entered contemporaneously with this Opinion.

**DONE** this the 31st day of May, 2006.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[1] Exhibit A to the Scheduling Order, (doc. 22), requires the "opponent" to file his opposition "not later than 21 days" after the moving party files its motion for summary judgment. Defendant's Motion for Summary Judgment was filed April 4, 2006; therefore, plaintiff's opposition was due not later than April 25, 2006.